ROBERTS, J.,
for the Court:
¶ 1. Johnny Neal Jones and Theresia Walls Jones agreed to a divorce based on irreconcilable differences. Although they had stipulated to the distribution of a number of their assets, they requested that the Lincoln County Chancery Court distribute the marital assets that they were not able to agree upon. Aggrieved by the chancellor’s methodology, Theresia appeals. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. Four years after they married, Johnny filed a petition for divorce based on alleged habitual cruel and inhuman treatment. He and Theresia later agreed to divorce based on their irreconcilable differences. They submitted a property list and valuation schedule of their property. They stipulated Johnny would receive personal property that was valued at $36,344.50, and Theresia would receive personal property that was valued at $11,855. They asked the chancellor to distribute the remaining items that included, among other things, the marital home, furniture, tools, and collectibles. Johnny and Theresia also requested that the chancellor divide the marital debt.
¶ 3. The chancellor concluded that approximately $91,000 in marital assets were subject to equitable distribution. The chancellor, therefore, determined that Theresia and Johnny should each receive $45,500 in marital assets. Although the marital home had a stipulated value of approximately $134,650, the chancellor found that, due to the relatively short duration of the marriage, only the appreciation in the home’s value from the beginning of the marriage should be subject to equitable distribution. The marital home had appreciated by approximately $34,650 during the marriage. The chancellor awarded Theresia the marital home and all of the equity in it.
¶ 4. Combining the $11,855 in stipulated personal property and the $34,650 equity in the marital home, the chancellor concluded that Theresia received more than her $45,500 share of the marital assets. Consequently, the chancellor concluded that Theresia should pay Johnny $996 to cover the difference. Johnny received the personal property to which he and There-sia had stipulated, as well as the remaining disputed personal property.
¶ 5. As for the marital debt, the chancellor found that there was approximately $16,850 in marital debt that should be divided between Theresia and Johnny. The chancellor concluded that each party should be responsible for $8,425 of the marital debt. The chancellor held that Theresia would be directly responsible for $3,467.50 of the debt, and he further ordered that Theresia was to pay Johnny $4,957.50 to cover the remaining portion of her share of the marital debt. The total sum that Theresia was to pay Johnny was $5,953, representing $4,957 plus $996.
¶ 6. Theresia appeals. She argues that the chancellor failed to make a fair apportionment of certain debts. Specifically, Theresia claims the chancellor erred because he failed to apportion the debt on the 2007 Nissan Altima. According to Theresia, Johnny should have to pay a share of the value of the debt “he created without her permission or knowledge.” Theresia also claims that if Johnny was responsible for a portion of the debt on the Altima, it would be unnecessary for her to pay him for a deficiency in the equitable distribution. In other words, Theresia claims the chancellor erred when he ordered her to pay a total sum of $5,953 to Johnny.
*564 ¶ 7. Additionally, Theresia argues that the chancellor’s distribution was not supported by the facts. That is, Theresia claims that the chancellor erred when he awarded the used sixteen-foot, dual-axle trailer to Johnny. Theresia claims that Johnny waived his interest in the trailer. Additional facts, as necessary, will be related during our analysis and discussion of the issues.
STANDARD OF REVIEW
¶ 8. “Chancellors are vested with broad discretion, and this Court will not disturb the chancellor’s findings unless the court was manifestly wrong, the [c]ourt abused its discretion, or the [c]ourt applied an erroneous legal standard.” Humphries v. Humphries, 904 So.2d 192, 195 (¶ 7) (Miss.Ct.App.2005). In other words, we will not disturb the chancellor’s findings of fact if those findings are supported by credible evidence and they are not manifestly wrong. Id.
ANALYSIS
¶ 9. First and foremost, we note that, aside from stating that she does not challenge the chancellor’s analysis of the factors enumerated in Ferguson v. Ferguson, 639 So.2d 921 (Miss.1994), Theresia does not cite any law whatsoever to support her contentions that the chancellor erred in his equitable distribution.
¶ 10. We will not consider an assertion of error for which there is no authority cited. Spalding v. Spalding, 691 So.2d 435, 439 (Miss.1997) (citations omitted). An argument on appeal “shall contain the contentions of the appellant with respect to the issues presented, and the reasons for those contentions with citations to the authorities, statutes, and parts of the record relied on.” M.R.A.P. 28(a)(6) (emphasis added). Because Theresia failed to cite any authority to support her contentions on appeal, her assertions are procedurally barred. Notwithstanding the procedural bar, we will briefly address her issues on appeal.
I. DEBT ON THE 2007 NISSAN AL-TIMA
¶ 11. Theresia claims the chancellor should have apportioned the remaining debt on the 2007 Nissan Altima she received in the chancellor’s equitable distribution. At the time of the chancellor’s equitable distribution, the stipulated value of the Altima was $19,350. There was $14,500 remaining on the Altima note, with equity of $4,850. According to Theresia, Johnny should have been ordered to pay one-half of the debt on the Altima. There-sia reasons that if the chancellor would have apportioned part of the debt on the Altima to Johnny, it would have been unnecessary for her to pay Johnny $5,953 because she received more assets and less debt than Johnny received. In other words, Theresia argues that the chancellor should have apportioned more debt to Johnny and more assets to her.
¶ 12. Theresia also claims that she did not want the Altima. The record reflects that Johnny surprised Theresia with the Altima, but they had been shopping for a new car, and she effectuated all of the necessary documents to complete the purchase of the Altima. It was certainly within the chancellor’s discretion to conclude that it was marital property. Furthermore, it was also within the chancellor’s discretion to forego apportioning part of the debt on the Altima to Johnny. As previously mentioned, the chancellor awarded Theresia the marital home, including the entire amount of the appreciation in value that had accrued since the marriage. Theresia also received other personal property worth $11,855 and the Altima. Johnny did not receive any por *565 tion of the marital home. The chancellor awarded Johnny personal property according to his and Theresia’s stipulation, as well as the seventy-three items that were disputed. Johnny received the remaining disputed personal property. Theresia actually received a greater share of the marital assets than Johnny received. Accordingly, the chancellor ordered Theresia to pay Johnny $996.
¶ 13. The chancellor also apportioned the debt in an equitable manner. Theresia and Johnny had $16,850 in marital debt. However, the chancellor held that Theresia would only be directly responsible for $3,467.50 of the total marital debt. The chancellor apportioned the remaining debt to Johnny. For equity’s sake, the chancellor then ordered Theresia to pay Johnny $4,957.50 to make up the difference between what Theresia and Johnny were ordered to pay in marital debt.[1] The chancellor’s decision was supported by credible evidence. “Equitable distribution does not require an equality in the separate estates.” Striebeck v. Striebeck, 5 So.3d 450, 454 (¶ 15) (Miss.Ct.App.2008) (citing Owen v. Owen, 798 So.2d 394, 399 (¶ 14) (Miss.2001)). Furthermore, the chancellor’s decision was not manifestly wrong. This issue is proeedurally barred and without merit.
II. FLATBED TRAILER
¶ 14. Next, Theresia claims that the chancellor erred when he awarded a flatbed trailer valued at approximately $900 to Johnny. According to Theresia, the evidence indicated that Johnny recognized that her father had a proprietary interest in the trailer. Theresia states that Johnny testified that she should have the trailer. Therefore, Theresia reasons that the chancellor should have awarded her the trailer.
¶ 15. Again, procedural bar notwithstanding, there is no merit to Theresia’s claim. It is true that Theresia testified that the sixteen-foot, dual-axle trailer belonged to her father. It is also true that Johnny testified that Theresia could have the trailer. However, Johnny also testified that Theresia’s father had given the used trailer to them as a gift, and they had used the trailer during their marriage. The chancellor ultimately held that “there is no credible evidence that the trailer was not a gift, and [as a] matter of fact, it just doesn’t make sense that [Theresia’s father] would have left the trailer [at the marital home] for four years without it being some type of gift.” It was certainly within the chancellor’s discretion to reach that conclusion. This issue is proeedurally barred and without merit.
¶ 16. THE JUDGMENT OF THE LINCOLN COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ISHEE, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR.

. One-half of $16,850 is $8,425. $8,425 minus $3,467.50 equals $4,957.50.